MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
BY:  SEETHA RAMACHANDRAN (SR-0886)
One St. Andrew's Plaza
New York, New York 10007
Tel. No. (212) 637-2546

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
                                     :
UNITED STATES OF AMERICA,            :
                                     :
              Plaintiff,             :
                                     :         VERIFIED COMPLAINT
        - v. -                       :
                                     :         07 Civ.
ANY AND ALL FUNDS IN ACCOUNT         :
NO. ███4417, IN THE NAME OF          :         **07 CIV 5642**
WGI CONSULTING S.P. Z.O.O.,          :
HELD AT WACHOVIA SECURITIES, LLC,    :
NEW YORK, NEW YORK,                  :
                                     :
              Defendant-in-rem.      :
                                     :
-------------------------------------x



         Plaintiff United States of America, by its attorney,

MICHAEL J. GARCIA, United States Attorney for the Southern

District of New York, for its verified complaint, alleges, upon

information and belief, as follows:

                  I.  JURISDICTION AND VENUE

         1.   This action is brought pursuant to 18 U.S.C. §§

981 and 984 by the United States of America seeking the

forfeiture of the following bank account:

              ANY AND ALL FUNDS IN ACCOUNT NO. ███4417, IN
              THE NAME OF WGI CONSULTING S.P. Z.O.O., HELD
              AT WACHOVIA SECURITIES, LLC, NEW YORK, NEW
              YORK, OR ANY ACCOUNT(S) TO WHICH SAID FUNDS
              HAVE BEEN TRANSFERRED

(the "Defendant Account").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. § 1355(b)(1)(A) because actions and omissions giving rise to forfeiture took place in the Southern District of New York and pursuant to 28 U.S.C. § 1395 because the Defendant Account was found and seized in the Southern District of New York. This court also has *in rem* jurisdiction because the Defendant Account was seized in the Southern District of New York and its contents are being held by Wachovia Securities pursuant to a substitute custodian order.

3. On June 9, 2006, United States Magistrate Judge Andrew J. Peck issued a Warrant of Seizure/Order for Substitute Custodian (the "Seizure Warrant") pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(b) and 984 for the seizure and custody of, *inter alia*, any and all funds in the Defendant Account and a related margin account (collectively, the "Accounts") on the ground that there was probable cause to believe that such funds are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981 and 984.

4. On June 29, 2006, pursuant to the Seizure Warrant, Robert T. Mooney, the Chief Administrative Officer of Wachovia Securities LLC, in New York, New York ("Wachovia") executed a declaration and inventory of the Defendant Account.

2

5.   On or about August 25, 2006, at the Government's request, the Seizure Warrant was vacated as to WGI's margin account, and as to the portion of the Defendant Account necessary to satisfy WGI's debt to Wachovia (approximately $10,728,869.48 as of July 27, 2006).

II. <u>PROBABLE CAUSE FOR FORFEITURE</u>

**The Fraudulent Scheme**

6.   This Complaint arises from the investigation of of two entities in Poland, the WGI Dom Maklerski ("WGI DM") and WGI Consulting S.P. Z.O.O. ("WGI Consulting"), for their role in a scheme to defraud investors in Poland. As set forth below, the contents of the Defendant Account constitute property involved in actual or attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956 and 1957, and property traceable to such property, and are thus subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984. The contents of the Defendant Account also constitute property derived from securities and wire fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 18 U.S.C. § 1343, and 17 C.F.R. § 240.10b-5 and property traceable to such property, and are thus subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

7.   Since 1999, WGI DM has been investing in the United States Futures market and in foreign exchange ("Forex") markets.

In 2004, Poland passed laws requiring that brokerage firms that buy and sell stocks, and invest in futures and Forex markets, be licensed. That year, WGI DM received a "Global" license from the Polish Securities and Exchange Commission ("PSEC"), the agency that regulates the sale of securities in Poland, allowing WGI DM to buy and sell stocks and to invest in the futures and Forex markets.

8. As a licensed brokerage firm, WGI DM provided the PSEC with a list of approximately 1,000 clients and indicated that it had received approximately $40 million (120 million Polish Zloty) from these clients to invest.

9. In March 2005, at least $25 million of these investors' funds were wire-transferred to the Defendant Account at Wachovia in New York, New York. WGI DM supplied the PSEC with statements showing the value of investments for each client on a specific day, but sent false statements to its clients that inflated the value of their investments on those same days. In addition, WGI DM sent brochures to its clients stating that they would receive very high returns.

10. In 2004, WGI Consulting issued approximately $53 million (160 million Polish Zloty) of unsecured corporate bonds. WGI DM purchased all of these bonds on behalf of its clients, and sent its clients a letter stating that WGI DM was purchasing

these bonds on their behalf to increase the value of their portfolio.

    11. On April 4, 2006, after its own investigation and an investigation by the Polish Internal Security Agency (the "ABW"), the PSEC revoked WGI DM's license, for reasons that included the following:

    (a) differences in the account statements sent to customers and those provided to the PSEC;

    (b) false information on account statements sent to customers;

    (c) failure to comply with anti-money laundering procedures;

    (d) the absence of an appropriate compliance structure;

    (e) absence of records on monthly account statements of the customers;

    (f) entering data on the accounts of customers without required documentation;

    (g) differences in the data provided to the PSEC on monthly reports and data submitted on other occasions;

    (h) insufficient capital to meet capital adequacy requirements;

    (i) inappropriate running of the register of complaints; and

          (j) failure to notify the PSEC of activity in areas other than those stated on license application.

      12. In addition, the PSEC notified the public prosecutor in Poland that a crime had been committed, after discovering the following activities by WGI DM:

          (a) forgery of documents, including bank statements, when the PSEC revoked its license;

          (b) trading financial instruments without the required consent of the PSEC;

          (c) offering securities without the required consent of the PSEC;

          (d) providing the PSEC with false securities accounts statements of the WGI DM client accounts;

          (e) encouraging WGI DM clients to give false testimony;

          (f) impeding administrative proceedings conducted by the PSEC; and

          (g) concealing the truth at an administrative trial conducted by the PSEC.

      13. The PSEC also directed WGI DM to repay portfolio balances to clients who requested a refund, within 60 days. A total of 700 clients requested a refund, but none received any money from WGI DM.

14. The PSEC and ABW subsequently learned that WGI DM had transferred at least $25 million of the money in its clients' portfolios to the brokerage accounts at Wachovia Securities in New York, New York, and to a bank account in England.

### The Defendant Bank Accounts and the Fraudulent Scheme/Money Laundering Activity

15. As explained in paragraphs 7 through 14, the money fraudulently obtained by WGI DM from investors (which WGI DM is required to return to its clients) was transferred to the Defendant Account at Wachovia in New York, New York.

16. WGI Consulting opened the Defendant Account in March 2005, and deposited approximately $25 million into it. In November 2005, WGI Consulting requested and obtained a margin account, which was cross-guaranteed by the funds in the Defendant Account.

17. On or about July 14, 2006, WGI DM board members Maciej Soporek, Lukasz Kaczor, and Andrzej Sarapata, were charged criminally in Poland in connection with the theft from their clients. All three defendants were released on bail.

### III. FIRST CLAIM FOR FORFEITURE

18. Incorporated herein are the allegations contained in paragraphs 1 through 17 of this Verified Complaint.

19. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture:

> [a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specific unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

20. Title 18, United States Code, Section 1956(c)(7)(A) provides that the term "specified unlawful activity" includes "any act or activity constituting an offense listed in [18 U.S.C. §] 1961(1)". Among the offenses listed in 18 U.S.C. § 1961(1) is wire fraud, 18 U.S.C. § 1343.

21. Title 18, United States Code, Section 984 provides in relevant part that:

> (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals –
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> >
> > (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> (b) No action pursuant to this section to forfeit property not traceable directly to

>    the offense that is the basis for the
>    forfeiture may be commenced more than 1 year
>    from the date of the offense.

22. By reason of the above, the defendant-in-rem funds are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, because there is probable cause to believe that the defendant-in-rem funds constitute property derived from wire fraud, in violation of 18 U.S.C. § 1343, and property traceable to such property.

### IV. SECOND CLAIM FOR FORFEITURE

23. Incorporated herein are the allegations contained in paragraphs 1 through 22 of this Verified Complaint.

24. As alleged in paragraph 19, supra, 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture:

>    [a]ny property, real or personal, which
>    constitutes or is derived from proceeds
>    traceable to . . . any offense constituting
>    "specific unlawful activity" (as defined in
>    section 1956(c)(7) of this title), or a
>    conspiracy to commit such offense.

25. As alleged in paragraph 20, supra, 18 U.S.C. § 1956(c)(7)(A) provides that the term "specified unlawful activity" includes "any act or activity constituting an offense listed in [18 U.S.C. §] 1961(1)". Among the offenses listed in 18 U.S.C. § 1961(1) is "fraud in the sale of securities."

26. By reason of the above, the defendant-in-rem funds are subject to forfeiture to the United States of America

pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, because there is probable cause to believe that the defendant-in-rem funds constitute property derived from securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 18 U.S.C. § 1343, and 17 C.F.R. § 240.10b-5, and property traceable to such property.

### V.  THIRD CLAIM FOR FORFEITURE

27.  Incorporated herein are the allegations contained in paragraphs 1 through 26 of this Verified Complaint.

28.  Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of . . . section 1956 or 1957 of this title, or any property traceable to such property."

29.  Title 18, United States Code, Section 1956 – commonly known as one of the "money laundering" statutes – provides, in pertinent part, that

> (a)(1)  Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity-
>
> > (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
> > . . .
>
> > (B) knowing that the transaction is designed in whole or in part-

>    (i) to conceal or
> disguise the nature, the location,
> the source, the ownership, or the
> control of the proceeds of
> specified unlawful activity; . . .

shall be guilty of a crime.

30. As alleged in paragraphs 20 and 25, <u>supra</u>, "specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and includes any offense listed under 18 U.S.C. § 1961(1). As alleged in paragraphs 20 and 25, <u>supra</u>, wire fraud and securities fraud are offenses listed in 18 U.S.C. § 1961(1).

31. Title 18, United States Code, Section § 1957 – another money laundering statute – provides in relevant part that:

> Whoever . . . knowingly engages or attempts
> to engage in a monetary transaction in
> criminally derived property of a value
> greater than $10,000 and is derived from
> specified unlawful activity

is guilty of a crime.

31. "Monetary transactions" is defined in 18 U.S.C. § 1957(f)(1) as the "deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce of funds . . . by, through, or to a financial institution . . . including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title . . . ."

32. "Criminally derived property" is defined in 18 U.S.C. § 1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

33. "Specified unlawful activity" is defined in 18 U.S.C. § 1957(f)(3) as having the same meaning as that term has in 18 U.S.C. § 1956.

34. By reason of the above, the contents of the Defendant Account are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), because there is probable cause to believe that the defendant-in-rem funds constitute property involved in illegal money laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957, and property traceable to such property.

## CONCLUSION

35. Based on the foregoing, there is probable cause to believe that the contents of the Defendant Account are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

WHEREFORE, plaintiff United States of America prays that process be issued to enforce the forfeiture of the defendant accounts and that all persons having an interest in the defendant accounts be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant account to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         June 13, 2007

>                MICHAEL J. GARCIA
>                United States Attorney for the
>                Southern District of New York
>                Attorney for the Plaintiff
>                United States of America
>
> By: _____/s/_____
>     SEETHA RAMACHANDRAN (SR-0886)
>     Assistant United States Attorney
>     One St. Andrew's Plaza
>     New York, New York 10007
>     Telephone: (212) 637-2546

## VERIFICATION

~~STATE OF NEW YORK~~
~~COUNTY OF NEW YORK~~
~~SOUTHERN DISTRICT OF NEW YORK~~

THE REPUBLIC OF POLAND
CITY OF WARSAW
EMBASSY OF THE UNITED STATES OF AMERICA

John V. Bienkowski, being duly sworn, deposes and says that he is a special agent with the Federal Bureau of Investigation, and as such has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the United States, conversations with law enforcement agents and others in the United States and Poland, and information obtained directly by the deponent during an investigation of alleged violations of Title 18, United States Code.

*[signature]*
John V. Bienkowski
Special Agent,
Federal Bureau of Investigation

Sworn to before me this
6th day of June, 2007

*[signature]*
NOTARY PUBLIC
*Justin Heung*
**Vice Consul**
Commission : indefinite

13